ROTHENBERG, J.
The appellants, Grove One Realty, LLC (“Grove Realty”), Grove One Management, LLC (“Grove Management”) (collectively, “Mortgagors”), Guy Mitchell, and Amelia Mitchell, appeal from a final judgment of *997 foreclosure entered in favor of Ocean Bank. We affirm, but remand solely for a modification of damages and liability consistent with this opinion.
In September 2008, Grove Realty obtained a loan from Ocean Bank, which was secured by a promissory note (“the September 2008 Grove Realty Note”) and a mortgage on real property owned by Grove Realty (“the September 2003 Grove Realty Mortgage”). Thereafter, in November 2003, Grove Management obtained a loan from Ocean Bank, which was secured by a promissory note (“the November 2003 Grove Management Note”) and a mortgage filed on property owned by Grove Management. Finally, in December 2005, Grove Realty obtained a second loan from Ocean Bank, which was secured by a promissory note (“the 2005 Grove Realty Note”) and a mortgage on the same property encumbered by the September 2003 Grove Realty Mortgage. Guy Mitchell guaranteed all three notes, whereas Ame-ba Mitchell guaranteed the two notes executed in 2003.
In September 2008, Ocean Bank filed an action seeking to foreclose the three mortgages, asserting that pursuant to the mortgages, the three notes were in default because a receiver was appointed over a substantial part of the Mortgagors’ assets, and the order appointing the receiver had remained unstayed for more than thirty days. Thereafter, in 2009, Ocean Bank filed an amended complaint, alleging an additional default because the Mortgagors failed to make monthly payments or pay the real property taxes.
Ocean Bank filed a motion for summary judgment, attaching supporting affidavits. The trial court granted the motion for summary judgment, and thereafter, on July 30, 2010, entered a final judgment of foreclosure in favor of Ocean Bank and against the guarantors, Guy Mitchell and Amelia Mitchell, and the Mortgagors. As to the September 2003 Grove Realty Note, Ocean Bank was awarded $6,359,678.65; as to the November 2003 Grove Management Note, Ocean Bank was awarded $492,698; and as to the 2005 Grove Realty Note, Ocean Bank was awarded $2,227,849.05. This appeal followed.
In this appeal, the appellants contend the trial court erred by granting Ocean Bank’s motion for summary judgment where the Mortgagors did not default. In addition, the appellants contend that even if the trial court properly concluded that the Mortgagors defaulted, the trial court erroneously calculated the damages and erroneously held Amelia Mitchell liable for the 2005 Grove Realty Note. We affirm the entry of final judgment of foreclosure without any further discussion as the trial court properly concluded that the Mortgagors defaulted, but remand for a modification of the final judgment to reflect that Amelia Mitchell is not liable for the 2005 Grove Realty Note,[1] and for a modification of. the amounts awarded to Ocean Bank consistent with this opinion.
First, as to the September 2003 Grove Realty Note, the trial court erroneously determined that the default interest rate ran from April 30, 2008, to March 11, 2010, instead of through the date of the final judgment, July 30, 2010. Therefore, we instruct the trial court to modify the final judgment to reflect that the default rate on the September 2003 Grove Realty Note runs through the date of the final judgment, July 30, 2010, and to recalculate the amount owed to Ocean Bank.
Second, as to the November 2003 Grove Management Note, the trial court found *998 that the default interest rate ran from August 6, 2008, to March 11, 2010, instead of through the date of the final judgment, July 80, 2010. Therefore, as with the September 2003 Grove Realty Note, we instruct the trial court to modify the final judgment to reflect that the default interest rate runs through the date of the final judgment, July 30, 2010, and to recalculate the amount owed to Ocean Bank.
Finally, as to the 2005 Grove Realty Note, as the final judgment correctly reflects that the default interest rate runs through the date of the final judgment, July 30, 2010, we find no error in the calculation of those damages.
Accordingly, we affirm entry of the final judgment of foreclosure in favor of Ocean Bank, but remand for a modification as reflected in this opinion.
Affirmed, but remanded for a modification.

. Ocean Bank concedes that Amelia Mitchell is not liable for the 2005 Grove Realty Note as she did not sign a personal guaranty for that loan.